R. W. Potts *v.* Carlisle and Jackson Turnpike Road Company.

**Constitutional Law—Taking Property Without Compensation.**

> Where money was collected by a sheriff under a void subscription of stock of a turnpike company by a county court, the Legislature can not, by legalizing the subscription, authorize the payment of the money thus collected and held by the sheriff to the discharge of such subscription, since such action would be violative of the Bill of Rights providing, "that no man's property shall be taken or applied to a public use without the consent of his heirs and without just compensation."

APPEAL FROM NICHOLAS CIRCUIT COURT.

February 24, 1873.

Opinion by Judge Pryor:

The act of March, 1867, gives the right of appeal to the circuit court from the county court in cases of an "allowance, or appropriation, to any individual, county or corporation, or a refusal to make any allowance or appropriation by the county court of this state where the amount is fifty dollars or more," and if this was an appeal from an order making an appropriation, or refusing to make one, the circuit court must first entertain the jurisdiction, but the appeal is prosecuted from a judgment *in personam* against Potts, the appellant, for the sum of three thousand dollars, and we think this is the only tribunal having jurisdiction. Potts is not complaining of the appropriation made by the county court but of the judgment rendered against him for the amount of it.

If the turnpike company, by reason of this allowance, is made a county creditor, the remedy is by an action on the sheriff's bond if he has the money and fails to pay it over, or has failed to collect it, as provided by law, or the county creditors may proceed by motion in the county court against the sheriff by giving ten days' notice as provided by Sec. 6 of Art. 21, Revised Statutes, title County Levy. This notice must specify the grounds of the motion, and no judgment by default can be rendered, but the grounds of the motion must be sustained by proof. The notice must state that the sheriff has in his hands the funds to pay the creditor, or in other words must contain the requisites of a petition. (*Todd v. Cains,* 18 B. Monroe 621.) In this case the county court subscribed the sum of three thousand dollars to aid in building the road of this company by virtue of an act passed in 1871, "and authorizing the court to appropriate and pay the same out of the funds in the hands of the late sheriff of the county, R. H. Potts, which was collected by him under a levy made by him for the benefit of said road company."

This enactment was obtained for the purpose of legalizing a subscription previously made by the county court to this road, and which this court upon an appeal heretofore prosecuted had pronounced invalid. In that opinion it was held:

"That the money collected from the taxpayers under the void subscription still belongs to them. They have the right to compel the sheriff to refund it. The county court has no claim upon it, and no right to control it."

Whilst the Legislature might legalize the subscription by the county court, still we are at a loss to know where the power is derived either by the county court or the Legislature to appropriate this money in the hands of the sheriff belonging to these taxpayers without their consent to the payment of this subscription. It had been adjudged to them, and the county court or the Legislature had no more right to apply this fund to the discharge of this appropriation than the money of any other taxpayer in the county. The moral obligation upon the citizen to pay was no foundation for such legislative action. The citizens of the county might have been taxed to aid in making these roads and the taxes levied and collected by proper legislative enactment, but to enact a law saying that the sheriff shall take the money or property in his hands or possession belonging to the citizen without his consent, or making compensation therefor, is clearly in violation of that provision in the Bill of Rights declaring:

"That no man's property shall be taken or applied to public use without the consent of his representatives and without just compensation."

Nor is it to be presumed that the Legislature in passing the law entertained any other belief than that funds out of which the appropriation was to be paid belonged to the county, and the power exercised by the county court is not delegated to that tribunal by the act in question. The sheriff was directed to pay this money to the company without any notice to him, or the parties to whom it belonged, and upon his failure to do so is made personally liable for the whole amount. Neither the sheriff nor the county has any right or claim to it and the entire proceeding is erroneous. The county court had no jurisdiction to render such a judgment, and if it had the attempted appropriation of the property of the citizen is unconstitutional.

The judgment must therefore be reversed and cause remanded with directions to set aside the judgment and dismiss the proceedings.

*Ross & Kennedy, Phister, for appellant.*

*T. F. Hargis, for appellee.*